IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| QUINZELL L. GRASTY, #478413, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 3:25-cv-01216 |
| | ) Judge Trauger |
| KEN NELSON, Warden, | ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Quinzell Grasty, a pro se prisoner who has attempted to win federal habeas relief from his 2010 Tennessee convictions on multiple occasions,[1] has filed a "Motion to Vacate Fed. R. Civ. P. Rule 60(b)(4) Void Judgment." (Doc. No. 1.) Although this Rule 60(b)(4) Motion was docketed as the opening pleading in this new case, the court construes it as seeking relief from this court's final order in the petitioner's recently closed habeas case, *Grasty v. Pounds*, No. 3:24-cv-00587. (*See* Doc. No. 1 at 4 ("Here, the petitioner . . . challenges the non-merit aspect of his first habeas petition.").) The final order in the petitioner's habeas case was entered on August 19, 2025, and this Rule 60(b)(4) Motion was filed on October 15, 2025. (*See* Doc. No. 1-1 at 41.)

Under Federal Rule of Civil Procedure 60(b)(4), "the court may relieve a party . . . from a final judgment, order, or proceeding" if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Importantly, the petitioner's Rule 60(b)(4) Motion does not assert that this court's judgment in Case No. 3:24-cv-00587 is void. Rather, it challenges "the void indictment and . . . the void

---

[1] *See Grasty v. Pounds*, No. 3:24-cv-00587 (M.D. Tenn. May 10, 2024); *Grasty v. Phillips*, No. 1:23-cv-193-KAC-CHS (E.D. Tenn. Oct. 16, 2023); *Grasty v. Parris*, No. 1:17-cv-247-CLC-SKL, 2019 WL 4545600 (E.D. Tenn. Sept. 19, 2019); *see also In re: Quinzell La'Won Grasty*, No. 25-5117, Doc. No. 12-1 (6th Cir. Aug. 11, 2025); *In re: Quinzell La'Won Grasty*, No. 23-5895, Doc. No. 8-1 (6th Cir. Feb. 20, 2024).

judgment against him" in the Tennessee trial court (Doc. No. 1 at 4), arguing that that court lacked jurisdiction over his case due to the State's "fail[ure] to cite the legislative intended 'TIBRS/TCA' statu[to]ry provisions in its correct format on the arrest affidavit, general sessions bind over sheet, and judgment orders." (*Id.* at 10.) The petitioner claims that this failure of accurate citation resulted in the State's flouting of "the procedural due process requirement of notice and sufficiency of a charged offense" in securing an indictment against him and, ultimately, a judgment in criminal court. (*Id.* at 11.) In a subsequent Motion to Amend (Doc. No. 5), the petitioner re-states his claim that the State of Tennessee deprived him of procedural due process when it proceeded without giving accurate notice of the statutory provisions he was charged with violating.

"When faced with a Rule 60(b) motion filed in response to the denial of an application for habeas relief, the district court must first determine whether the petitioner is only seeking Rule 60(b) relief or is attempting to file a second or successive habeas application." *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005)). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief, and requires that the prisoner first "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive habeas application. 28 U.S.C. § 2244(b)(3)(A). "A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the AEDPA." *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014). That necessity arises when the motion "asserts a 'federal basis for relief from the state court's judgment of conviction,' by 'seek[ing] to add a new ground for relief' or 'attack[ing] the federal court's previous resolution of a claim on the merits.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 530, 532).

2

The instant Motion does not assert a new ground for relief, nor does it attack this court's previous resolution of any claim on the merits. In Case No. 3:24-cv-00587, the petitioner asserted his right to procedural due process and challenged the state court's jurisdiction over him (*see* Case No. 3:24-cv-00587, Doc. No. 1 at 3–5), including by filing a Rule 60(b)(4) motion asserting that his judgment of conviction in state court was void for all the same reasons that he again presents in the Motion under review here. (*See id.*, Doc. No. 7.) The court did not rule on the merits of the petitioner's claims but transferred the matter to the Sixth Circuit for consideration as a second or successive habeas application. (*Id.*, Doc. No. 10.) The Sixth Circuit declined to authorize the habeas application, finding that the petitioner's failure to rely on a new rule of constitutional law or new facts doomed his filing under applicable statutory requirements for second or successive habeas filings. (*Id.*, Doc. No. 13.) The court thus finds that the instant Rule 60(b)(4) Motion should not be treated as a second or successive habeas petition.

However, a Rule 60(b)(4) motion clearly "is not an appropriate vehicle for a state prisoner to attempt to have his criminal conviction set aside." *Frazier v. Slatery*, No. 1:18-CV-277-HSM-SKL, 2019 WL 13438072, at *2 (E.D. Tenn. Dec. 9, 2019) (quoting *Kitchen v. Michigan*, No. 1:07-CV-1074, 2007 WL 5325085, at *2 (W.D. Mich. Dec. 13, 2007)); *see also*, *e.g.*, *Carter v. Freedom Mortg. Corp.*, No. 3:22-CV-00739, 2023 WL 5154556, at *8 (M.D. Tenn. July 6, 2023), *report and recommendation adopted*, 2023 WL 5277958 (M.D. Tenn. Aug. 16, 2023) (quoting *Roggio v. Fed. Deposit Ins. Corp.*, No. 09-cv-1733, 2018 WL 3838193, at *2 (D.D.C. May 14, 2018) ("[T]he law is quite clear that Rule 60(b) does not authorize this Court to vacate or otherwise reconsider a state court judgment."). The petitioner clearly seeks such relief here. (*See* Doc. No. 1 at 11 (seeking "to vacate his void judgment due to his void indictment and be released" from custody).) However, his grounds for doing so were previously presented to and rejected by the

3

Sixth Circuit. *See In re: Quinzell La'Won Grasty*, No. 25-5117, Doc. No. 7-2 (6th Cir. Mar. 3, 2025); (Case No. 3:24-cv-00587, Doc. No. 13). In seeking to have his habeas case reopened so his claims can be considered on their merits, the petitioner effectively asks this court to allow what the Sixth Circuit has disallowed.

Rule 60(b)(4) simply does not reach an allegedly void judgment from a different court. And even if it did, this court has no authority to correct its orders in such a way as to effect an end-run around the Sixth Circuit's judgment. In other words, the petitioner's attempt to win post-judgment relief cannot be granted because it effectively "seeks reinstatement of his prohibited petition for habeas corpus, and such relief does not exist." *White v. Carter*, 27 F. App'x 312, 313–14 (6th Cir. 2001).

For these reasons, the Rule 60(b)(4) Motion (Doc. No. 1) is **DENIED**. The petitioner's pending motions (Doc. Nos. 5 and 6) are **DENIED** as moot. If the petitioner wishes to file any further habeas challenge to his state-court convictions, his only route for doing so is to file a motion under 28 U.S.C. § 2244 in the Sixth Circuit Court of Appeals.

This case is closed.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

4

Case 3:25-cv-01216    Document 7    Filed 02/06/26    Page 4 of 4 PageID #: 82