**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **QUINZELL L. GRASTY, #478413,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-01216** |
| | ) | **Judge Trauger** |
| **KEN NELSON, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

Quinzell Grasty, a pro se prisoner who has attempted to win relief from his 2010 Tennessee convictions in federal court on multiple occasions,[1] has filed two additional motions which seek such relief and which have been docketed in this closed case. The first motion is styled "Federal Rule 27 Motion (3)(B) Requesting Affirmative Relief" (Doc. No. 8); it seeks relief "from a void judgment … due to the court lacking subject matter jurisdiction" and refers to an "attached Rule 60(B)(4) motion." (*Id.*) The second motion is styled "Federal Motion Rule 60(B)(4) for Void Judgment Challenging Subject Matter Jurisdiction." (Doc. No. 9.) The pleading which opened this case was similarly styled "Motion to Vacate Fed. R. Civ. P. Rule 60(b)(4) Void Judgment." (Doc. No. 1.) In all the petitioner's filings in this matter, the judgment he challenges as void for lack of subject-matter jurisdiction is the 2010 judgment of conviction against him in state court, for which he was sentenced to life in prison. (*See* Doc. No. 1-1 at 37–40.)

[1] *See Grasty v. Pounds*, No. 3:24-cv-00587 (M.D. Tenn. May 10, 2024); *Grasty v. Phillips*, No. 1:23-cv-191-KAC-CHS (E.D. Tenn. Oct. 16, 2023); *Grasty v. Parris*, No. 1:17-cv-247-CLC-SKL, 2019 WL 4545600 (E.D. Tenn. Sept. 19, 2019); *see also In re: Quinzell La'Won Grasty*, No. 25-5117, Doc. No. 12-1 (6th Cir. Aug. 11, 2025); *In re: Quinzell La'Won Grasty*, No. 23-5895, Doc. No. 8-1 (6th Cir. Feb. 20, 2024).

In its February 6, 2026 order closing this case, the court found that the petitioner's opening pleading—which the court construed as a motion for relief from the August 19, 2025 judgment in his habeas case, No. 3:24-cv-00587—should not be treated as a second or successive habeas petition because it did not assert any new ground for relief or any challenge to the court's previous resolution of the merits of his habeas claims. (*See* Doc. No. 7 at 2–3 (quoting *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014)).) The court denied relief under Rule 60(b)(4) and admonished the petitioner that, "[i]f [he] wishes to file any further habeas challenge to his state-court convictions, his only route for doing so is to file a motion under 28 U.S.C. § 2244 in the Sixth Circuit Court of Appeals." (*Id.* at 4.)

The petitioner appears to have eschewed that admonishment. His recent filings in this court, however, include habeas claims not previously asserted, including due process and double jeopardy claims arising from differences between the charges of arrest, the charges of indictment, and the charges of conviction. (*See* Doc. No. 9 at 4–6.) These "fluctuating charges" were not supported by "any new facts," and allegedly caused the petitioner to have to "defend … two very distinct first-degree murder charges with very different mens rea require[ments] to convict under the double jeopardy clause," while also being convicted "twice for the same criminal act in the same trial for one victim of two type of robbery charges." (*Id.* at 5.)

"A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)]." *Tyler*, 749 F.3d at 506. That necessity arises when the motion "asserts a 'federal basis for relief from the state court's judgment of conviction,' by 'seek[ing] to add a new ground for relief' or 'attack[ing] the federal court's previous resolution of a claim on the merits.'" *Id.* at 506–07 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 (2005)). The petitioner's recent filing

in this case under Rule 60(b) asserts new federal grounds for relief from his state court judgment. It should therefore be treated as a second or successive habeas petition.

AEDPA limits the circumstances under which a state prisoner may file a second or successive application for habeas relief, including by requiring that the prisoner first "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive habeas application. 28 U.S.C. § 2244(b)(3)(A). To this court's knowledge, the petitioner has not sought or obtained authorization from the Sixth Circuit Court of Appeals for this court to consider the claims of his Rule 60(b) motion.

Accordingly, the Clerk shall **TRANSFER** this matter to the Sixth Circuit Court of Appeals for further consideration. 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

The Clerk is **DIRECTED** to remove the "pending motion" designations from Docket Numbers 8 and 9, and to administratively close this court's file in this matter.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge